MARIA J. McCARTY, ADMINISTRATRIX OF THOMAS McCARTY, DECEASED, APPELLANT. v. PRESIDENT, ETC., OF THE DELAWARE AND HUDSON CANAL COMPANY, RESPONDENT.

*Contributory negligence — when walking on a railroad track, constitutes.*

Plaintiff's intestate undertook to walk along the defendant's road, on a switch track from one street to another, in Saratoga Springs, a distance of about 350 feet. While so doing some cars were switched thereon, came up behind him, struck and killed him.

*Held,* that he was guilty of contributory negligence in walking upon the track, and that the plaintiff could not recover.

APPEAL from a judgment in favor of the defendant, entered upon a nonsuit, directed at the circuit.

*Putnam & Eustis,* for the appellant.

*Henry Smith,* for the respondent.

BOARDMAN, J.:

The deceased undertook to walk upon the defendant's railroad track, between Washington street and Congress street, in Saratoga Springs, a distance of about 350 feet. The day was cold and rough, and there was much snow upon the ground. The defendant's switch track was probably selected by the deceased because the snow had been partially removed thereform and it was easier walking. While passing along such track the employees of defendant switched some cars upon the same track, which came upon deceased from behind, without his knowledge, and he was struck by them and killed. The plaintiff was non-suited at the close of the case, upon the ground that the deceased was guilty of contributory negligence. There is no conflict in the evidence on this point. I have examined, with care, the many cases cited by plaintiff's counsel, mostly to be found abstracted in 18 Albany Law Journal (144, 164, 184, 204), etc. Very few of them have any relation to the facts now under consideration. They generally relate to the degree of care required of passengers at highway crossings or other localities where the injured person might lawfully be or pass. In the present case the deceased was concededly improperly upon the defendant's track in a manner highly dangerous to his safety. The law imposes no active duty upon railroad companies towards persons wrongfully upon their track, except to avoid doing an intentional injury. Of course, if, when the danger is known to be imminent, the company could prevent the injury, it is its duty to do so; but such is not this case. (*Harty* v. *Central R. R.*, 42 N. Y., 468; *Nicholson* v. *Erie R. R. Co.*, 41 id., 525; *Sutton* v. *N. Y. C.*, 66 id., 243.) The act of the deceased in using the railroad track to walk a distance of 350 feet from one street to another was gross negligence. But for such negligent act the injury could not have occurred. There is no evidence that defendant's employees had any notice of the danger until it was too late to avoid it. After the danger was imminent, no care or activity could have avoided the consequences. No recovery can be had for injuries occasioned by another, if the injured party contributed thereto by his own negligence. The negligence of the deceased is apparent and incapable of denial. No reasonable man could doubt it. The

use of a railroad track for the purposes of travel is necessarily imprudent, unsafe and very dangerous. Under the facts in this case, the question of contributory negligence was one of law, and we do not think the court below erred in its decision in that respect. (*Matze* v. *N. Y. C.*, 1 Hun, 417; *Nicholson* v. *Erie, supra; Sutton* v. *N. Y. C., supra.*).

The negligence, as well as the unlawful conduct of the deceased, is still further established by the provisions of the statute (Session Laws of 1850, chap. 140, § 44), whereby it is enacted that " it shall not be lawful for any person, other than those connected with or employed upon the railroad, to walk along the track or tracks of any railroad, except where the same shall be laid along public roads or streets." The deceased was plainly guilty of a violation of this law, and in that respect also chargeable with all the evil consequences of his wrongful conduct.

We think the judgment should be affirmed, with costs.

BOCKES, J., concurred ; LEARNED, P. J., taking no part.

Judgment affirmed, with costs.